Dear Representative Holden:
You have requested the opinion of this office on the following issue:
 When an educational institution enters into a multi-year nonexclusive contract with a vendor of products for resale in accordance with LSA-R.S. 39:1615(D), may the educational institution include contractual provisions which obligate the educational institution to offer for resale on or about the premises of the educational institution up to 90% of certain brand name products or brand name product types?
Your inquiry references the applicable statutory provision, R.S. 39:1615(D), which is a portion of the Louisiana Procurement Code dealing with multi-year contracts and which provides:
 D. Educational institutions excepted. An educational institution may enter into a multi-year nonexclusive contract, not to exceed ten years, with a vendor who has made a gift to the institution of equipment utilized for promoting products and university activities at a cost to the vendor in excess of fifty thousand dollars. Further, for this exception to be applicable, the contract shall cover products for resale within the institution.
The statute mandates that such multi-year contracts be "nonexclusive" and your inquiry goes to the meaning of that term in a potential contract with one or more educational institutions. No definition of "nonexclusive" is provided within the statute, nor is one to be found in Black's Law Dictionary.Black's definition of "exclusive" includes the following, "shutting out; debarring from interference or participation; vested in one person alone". Ergo, "nonexclusive" would be the opposite of the preceding. Your request indicates that the proposed contract with a beverage distributor would obligate the educational institution to offer not 100%, which would be exclusive, but 90% of products provided by the vendor who has provided equipment to the university. On its face, such an arrangement is "nonexclusive" since it admits of the possibility and likelihood that 10% of the products offered on the campus will be those of other vendors.
It is our belief that this "nonexclusive" requirement was placed in the law in order to assure some reasonable access by students, faculty and staff at educational institutions to products of more than one vendor, and also so that competition can be kept alive by providing some share of the market to other vendors.
In the absence of any controlling interpretation of the term "nonexclusive", and operating on the above stated beliefs about the "nonexclusive" requirement, we feel that the 90% resale requirement is permissible, but must be implemented so that the minority products are offered broadly over the campus of the institution and not confined to one particular venue or event, even though such offering might meet the 10% minority product offering requirement. For instance, a university may be able to meet the 10% other products requirement by offering these products only at home football games where sales are intense and heavy over a short period of time and to a very restricted clientele. This would not appear to fairly meet the "nonexclusive" requirement, since students in dormitories, classroom buildings and cafeterias for the entire year would have only the products of the contractual vendor for purchase. Therefore, as far as is practicable, minority vendor products should be offered at each point of sale where the contractual vendor's products are offered, even though the minority vendor may be limited to one out of ten slots per vending machine or fountain dispenser. The university should actively recruit, enlist and accommodate minority vendor participation so that there is an actual choice of products as compared to a theoretical possibility for such minority vendor products.
Such arrangements should give real meaning to the term "nonexclusive" for the broad university community and also provide the contractual vendor with the sales volume opportunity which would justify the investment which it makes in its "gift" of equipment to the institution.
I trust that this answers your inquiry. Please let us know if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: GLENN R. DUCOTE
Assistant Attorney General
GRD:jv